# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MUDHAR IBRAHIM KHALID ALDURRA,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; U.S. EMBASSY IN AMMAN, JORDAN; MARCO RUBIO, United States Secretary of State; ROHIT NEPAL, Charge d'Affaires at the U.S. Embassy in Amman, Jordan,<br><br>   Defendants. | Case No.: 25cv1322 DMS (DEB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

This case comes before the Court on Defendants' motion to dismiss Plaintiff's Complaint. Plaintiff filed an opposition to the motion, and Defendants filed a reply. For the reasons discussed below, the motion is granted in part and denied in part.

## I.
## BACKGROUND

Plaintiff Mudhar Ibrahim Khalid Aldurra is a United States citizen who resides in San Diego, California. (Compl. at 3, ECF No. 1.) On August 14, 2021, Plaintiff filed a visa petition with United States Customs and Immigration Services ("USCIS") for his mother Lubna Mohammed Abdo Al-Qayisi who is a citizen of Iraq living in Jordan. (*Id.*

at 3, 5.) USCIS approved the visa petition on September 20, 2022, and the case was then sent to the National Visa Center ("NVC") for processing. (*Id.* at 5.) Plaintiff alleges, on information and belief, that NVC completed its processing of the case and then sent it to the U.S. Embassy in Amman, Jordan, for an interview. (*Id.*) Ms. Al-Qayisi's interview took place on September 24, 2023. (*Id.*) Following the interview, the consular officer requested additional information, which Ms. Al-Qayisi submitted on September 26, 2023. (*Id.* at 5-6.) Since that time, the petition has remained in administrative processing without a final decision. (*Id.* at 6-7.)

On May 23, 2025, Plaintiff filed the present case seeking a writ of mandamus compelling Defendants to adjudicate the petition. In the Complaint, Plaintiff alleges a claim under the Administrative Procedure Act ("APA") for "agency action unlawfully withheld and unreasonably delayed", and a claim for violation of due process under the Fifth Amendment. After a status conference with the Court, Defendants filed the present motion.

## II.
## DISCUSSION

Defendants move to dismiss Plaintiff's APA and due process claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

### A.   Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). In deciding a motion to dismiss under Rule 12(b)(6), all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them. *Cahill v.*

---

[1] Defendants also assert that to the extent Plaintiff is alleging a claim under the Mandamus Act, the Court lacks subject matter jurisdiction to adjudicate that claim. Although the Complaint is "in the nature of mandamus," Plaintiff does not allege an actual claim under the Mandamus Act. Accordingly, the Court does not address Defendants' subject matter jurisdiction argument.

*Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Typically, if a party submits evidence from outside the pleadings in support of a motion to dismiss under Rule 12(b)(6), and a court relies on that evidence, the motion must be converted into a motion for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996). However, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Lee*, 250 F.3d at 689.

**B.   APA Claim**

Plaintiff's first claim arises under the APA, 5 U.S.C. § 701, *et seq*. Specifically, Plaintiff alleges Defendants' delay in adjudicating Plaintiff's visa application has been unreasonable. Defendants respond there is no hard timeline for adjudicating visa applications, their refusal to issue the visa was a final decision and no further action is required, and any delay has not been unreasonable.

Although Defendants may be correct that there is no hard timeline in which they must issue a final decision on Plaintiff's visa application, there is no dispute the APA requires government agencies to conclude matters presented to them "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*[.]" 5 U.S.C. § 555(b) (emphasis added). That is precisely Plaintiff's complaint here: Defendants have not adjudicated his visa application "within a reasonable time." The absence of a hard deadline is not a basis for dismissal of Plaintiff's claim, and thus the Court rejects Defendants' first argument.

      The Court also rejects Defendants' second argument, which relies on *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024). That unpublished, out-of-circuit decision is not binding on this Court, and has not been followed by the District of Columbia district court. *See Ahmed v. Blinken*, 759 F.Supp.3d 1, 10 (D.D.C. 2024) (quoting D.C. Cir. R. 36(e)(2)) (declining to follow *Karimova* because it "is an unpublished opinion, and 'a panel's decision to issue an unpublished disposition means that the panel sees no precedential value in that disposition.'"). For the reasons set out in *Ahmed*, this Court also declines to follow *Karimova*.

      This leaves only Defendants' argument based on the factors set out in *Telecomms. Research and Action Ctr. v. Federal Comms. Commission*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"), which courts consider in determining whether agency action has been unreasonably delayed. *Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997). These factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Id.* at 507 n.7 (quoting *TRAC*, 750 F.2d at 80).

      Plaintiff does not dispute these factors govern the issue of whether Defendants' delay in adjudicating Plaintiff's application has been reasonable. However, he does dispute whether the Court should consider these factors on the present motion to dismiss. District courts in the Ninth Circuit are split on this issue. *Compare Mobayen v. Blinken*, 780 F.Supp.3d 969, 984 (C.D. Cal. 2025); *Sheikhalizadehjahen v. Gaudiosi*, No. 2:24-cv-1136 SCR, 2024 WL 4505648, at *8 (E.D. Cal. Oct. 16, 2024); *Salarian v. Blinken*, No.

23CV1315-LL-BJC, 2024 WL 4008758, at *4 (S.D. Cal. Aug. 30, 2024); *Elmustafa v. U.S. Citizenship & Immigr. Servs.*, No. 23-CV-2061-AJB-AHG, 2024 WL 3571728, at *3 (S.D. Cal. July 29, 2024); *Taherian v. Blinken*, No. SACV 23-01927-CJC (ADSx), 2024 WL 1652625, at *4 (C.D. Cal. Jan. 16, 2024); *Kang v. Jaddou*, No. 2:21-CV-09488-RGK-E, 2022 WL 2189634, at *3 (C.D. Cal. Apr. 25, 2022); *Hui Dong v. Cuccinelli*, No. CV2010030CBMPLAX, 2021 WL 1214512, at *4 (C.D. Cal. Mar. 2, 2021) (refusing to consider *TRAC* factors on motion to dismiss) *with El Centro Regional Medical Center v. Blinken*, No. 3:21-CV-00361-DMS-BDD, 2021 WL 3141205 (S.D. Cal. July 26, 2021); *Rezai v. Blinken*, No. 3:24-cv-01016-CAB-JLB, 2024 WL 4830988, at *3-5 (S.D. Cal. Nov. 18, 2024); *Elmustafa v. U.S. Citizenship and Immigration Servs.*, No. 23-cv-2061-AJB-AHG, 2024 WL 3571728, at *3 (S.D. Cal. July 29, 2024); *Assadian v. Oudkirk*, 694 F.Supp.3d 1310, 1317-18 (S.D. Cal. 2023); *Varol v. Radel*, 420 F.Supp.3d 1089, 1097-98 (S.D. Cal. 2019); *Lajin v. Radel*, No. 19cv52-MMA (BLM), 2019 WL 3388363, at *3-4 (S.D. Cal. July 26, 2019); *Ibrahim Almandil v. Radel*, No. 15cv2166 BTM (BGS), 2016 WL 3878248, at *2-3 (S.D. Cal. July 18, 2016) (considering *TRAC* factors when deciding motions to dismiss). In *El Centro Regional Medical Center*, this Court considered the *TRAC* factors when deciding a motion to dismiss, but did not address the district court split on whether courts should address those factors on a motion to dismiss. After reviewing the cases on that issue, however, the Court agrees with the reasoning of those courts that have declined to consider the *TRAC* factors on a motion to dismiss. Specifically, the Court agrees an analysis of the *TRAC* factors involves factually intensive questions, which are generally inappropriate for resolution on a motion to dismiss. *Mobayen*, 780 F. Supp. 3d at 969. An analysis of the *TRAC* factors would also require the Court "to look beyond the face of plaintiffs' complaint[,]", *Gonzalez v. United States Dep't of Homeland Sec.*, 500 F. Supp. 3d 1115, 1130 (E.D. Cal. 2020), which is also generally inappropriate on a motion to dismiss. For these reasons, this Court declines to consider the *TRAC* factors on the present motion. Accordingly, Defendants' motion to dismiss Plaintiff's APA claim is denied.

## C.  Due Process Claim

Plaintiff's only other claim alleges a violation of his right to due process of law. It is unclear whether Plaintiff is alleging a procedural due process claim or a substantive due process claim, but either way, Defendants argue the claim must be dismissed. The Court agrees with Defendants.

To state a procedural due process claim, Plaintiff must allege facts supporting "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Plaintiff has not set forth any facts to support either of these elements, and thus, to the extent he is attempting to allege a procedural due process claim, that claim is dismissed.

To the extent Plaintiff is attempting to allege a substantive due process claim, he must set forth facts showing (1) the government has deprived him of life, liberty, or property, *Cancino Castellar v. McAleenan*, 388 F. Supp. 3d 1218, 1230 (S.D. Cal. 2019) (quoting *Squaw Valley Dev. Co. v. Goldberg*, 375 F.3d 936, 948 (9th Cir. 2004), and (2) that the alleged deprivation "'shock[s] the conscience and offend[s] the community's sense of fair play and decency.'" *Gorney v. Veterans Admin.*, No. CV-18-00531-TUC-CKJ, 2020 WL 5535757, at *6 (D. Ariz. Sept. 15, 2020) (quoting *Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012)). As with the procedural due process claim, Plaintiff has failed to allege any facts to support either of these elements. Accordingly, to the extent he is attempting to allege a substantive due process claim, that claim is dismissed as well.

## IV.
## CONCLUSION

For the reasons set out above, Defendants' motion to dismiss is granted in part and denied in part. Specifically, the Court denies the motion to dismiss Plaintiff's APA claim, but grants the motion to dismiss Plaintiff's due process claim. Although Plaintiff did not request leave to amend to cure any pleading defects on his claims, the Court grants Plaintiff leave to file a First Amended Complaint that cures the pleading deficiencies on his due

process claim.  If Plaintiff wishes to file a First Amended Complaint, he shall do so on or before **January 15, 2026**.

**IT IS SO ORDERED**.

Dated:  January 8, 2026

Hon. Dana M. Sabraw
United States District Judge