# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

MUDHAR IBRAHIM KHALID ALDURRA,

Plaintiff,

v.

UNITED STATES DEPARTMENT OF STATE; U.S. EMBASSY IN AMMAN, JORDAN; MARCO RUBIO, United States Secretary of State; ROHIT NEPAL, Charge d'Affaires at the U.S. Embassy in Amman, Jordan,

Defendants.

Case No.:  25cv1322 DMS (DEB)

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff Mudar Ibrahim Khalid Aldurra brings suit against Defendants to compel a final decision on an immigrant visa application for his mother Lubna Mohammed Abdo Al-Qayisi ("Ms. "Al-Qayisi").  Ms. Al-Qayisi's application has been suspended in "administrative processing" since September 2023.  Plaintiff alleges that Defendants have unreasonably delayed and unlawfully withheld a final determination on his mother's application, and seeks relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §§

1

555(b), 706(1) and the Due Process Clause of the Fifth Amendment to the United States Constitution.[1]

Defendants previously filed a motion to dismiss the Complaint, which the Court denied as to the APA claim and granted with leave to amend as to the due process claim. Defendants now move to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ("Mot."; ECF No. 12.) Defendants acknowledge the "Court has already ruled on this [APA] claim[,] (*Id.* at 6), but nonetheless re-argue that Plaintiff fails to allege (1) a clear, non-discretionary duty that Defendants have failed to carry out, and (2) that Defendants have unreasonably delayed processing Ms. Al-Qayisi's application. Defendants also argue Plaintiff fails to state a due process claim. Plaintiff filed an opposition to the motion, ("Opp'n"; ECF No. 13), and Defendants filed a reply. ("Reply Br."; ECF. No. 14.) For the reasons discussed below, the motion is denied as to the APA claim and granted without leave to amend the due process claim.

## I.

## BACKGROUND[2]

Plaintiff is a United States citizen who resides in San Diego, California. On August 14, 2021, Plaintiff filed a visa petition with United States Customs and Immigration

---

[1] Plaintiff seeks a writ of mandamus under 28 U.S.C. § 1361 but does not specifically allege a Mandamus Act claim. Because mandamus relief requires showing a "clear duty to act," *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003), it is jurisdictional and implicates Rule 12(b)(1). *Am. Hosp. Ass'n v. Burwell,* 812 F.3d 183, 189 (D.C. Cir. 2016). In addition, a request for mandamus relief essentially mirrors the "relief [sought] under § 706 of the APA." *See Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 (9th Cir. 1997); *Akbar v. Blinken*, 23-cv-1054-LL (BLM), 2023 WL 8722119, at *3 (S.D. Cal. Dec. 18, 2023) (stating where a mandamus claim mirrors an APA claim "courts routinely elect to analyze [the] APA claim only.") Thus, while Plaintiff has not alleged a mandamus claim, he will be entitled to a writ of mandamus if he prevails on his APA claim.

[2] The facts set forth herein derive from Plaintiff's FAC, (ECF No. 11), as well as Plaintiff's affidavit in support of his Opposition. (ECF No. 13-1.) And Defendants filed a declaration from Rachel Ann Peterson on behalf of Defendant Department of State regarding Ms. Al-Qayisi's visa application and status in administrative processing. (ECF No. 12-1.) No objections were filed, so the evidence is received and treated as undisputed.

Services ("USCIS") for his mother who is a citizen of Iraq living in Jordan. USCIS approved the visa petition on September 20, 2022, and the case was then sent to the National Visa Center ("NVC") for processing. Plaintiff alleges that NVC completed its processing and forwarded the case to the U.S. Embassy in Amman, Jordan, for an interview. (*Id.*) Ms. Al-Qayisi's interview took place on September 24, 2023, and on the same date, the consular officer "refused" Ms. Al-Qayisi's application under INA § 221(g), 8 U.S.C. § 1201"g) (commonly referred to as a "221(g) refusal"). The consular officer determined that Ms. Al-Qayisi "failed to demonstrate eligibility for the visa sought and that additional security screening was required." Two days after the interview, on September 26, 2023, Ms. Al-Qayisi submitted answers to the questions posed by the U.S. Embassy on Form DS-5535, Supplemental Questions for Visa Applicants. Since that time and despite repeated attempts to obtain a decision, the petition has remained in administrative processing pending "ongoing" security screening without a final decision. (Patterson Decl. ¶11.)

In contrast to his mother's situation, Plaintiff asserts his father's visa application, which was filed on the same day as his mother's application, was efficiently processed. Like Ms. Al-Qayisi, Plaintiff's father's application initially was refused and put into administrative processing for additional information. Plaintiff's father submitted "a prompt response" and "[n]ot long after, [his] father's visa application was approved." (Pl's Decl. ¶ 6.) His father is now a Lawful Permanent Resident in the United States. Plaintiff alleges ongoing profound stress and anxiety to his family over the separation, (FAC ¶¶ 32-33), and seeks prioritization of review so his mother—if her application is approved—can reunite with Plaintiff, her husband, and her grandson.

## II.

## DISCUSSION

Defendants move to dismiss Plaintiff's APA and due process claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

/ / /

25cv1322 DMS (DEB)

**A.      Legal Standard**

Plaintiff bears the burden of establishing subject matter jurisdiction. *Ass'n of Am. Med. Coll. V. United States*, 217 F.3d 770, 778-79 (9th Cir. 2000).  When considering a factual attack in a motion to dismiss under Rule 12(b)(1), the court may review evidence outside the pleadings to resolve factual disputes about the existence of jurisdiction without converting the motion to one for summary judgment. *Biotechs Research Corp. v. Heckler,* 710 F.2d 1375, 1379 (9th Cir. 1983).  As noted, Plaintiff does not specifically allege a mandamus claim, but the parties have nonetheless submitted evidence outside the pleadings for the Court's consideration.

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  In deciding a motion to dismiss under Rule 12(b)(6), all material factual allegations of the complaint are accepted as true, as well as all reasonable inferences to be drawn from them.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). A motion to dismiss should be granted if a plaintiff's complaint fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Typically, if a party submits evidence from outside the pleadings in support of a motion to dismiss under Rule 12(b)(6), and a court relies on that evidence, the motion must be converted into a motion for summary judgment. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996).  However, "[a] court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.'" *Lee*, 250 F.3d at 689.

4

**B.      APA Claim**

Plaintiff's first claim seeks to compel agency action under the APA, which provides that a "reviewing court shall … compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  *See also* 5 U.S.C. § 555(b) (requiring government agencies to conclude matters presented to them "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time[.]")  An APA claim for unlawfully withholding agency action "can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 64 (2004) (original emphasis).  Thus, to succeed on his claim for agency action unlawfully withheld, Plaintiff must plausibly allege Defendants "failed to carry out a discrete, clear, and non-discretionary duty to act."  *See Arapov v. Rubio,* 24-cv-3013-MJS, 2025 WL 2732722, at *4 (D.D.C. Sept. 25, 2025).

Defendants respond there is no hard timeline for adjudicating visa applications, their 221(g) refusal was a final decision and no further action is required, and any delay has not been unreasonable.  Thus, Defendants argue that review of a visa application in "discretionary administrative processing" following a 221(g) refusal may proceed on Defendants' schedule without any legal obligation to conclude that process once it is started.

This argument has been considered and rejected by the Court in this case as well as others that have raised the same issue.  *See Mirshekari v. Rubio, et al.*, No. 25-cv-1998 DMS (DDL) (S.D. Cal. May 15, 2026) (stating most courts that have considered the issue "reason that issuing a final decision on a visa application is a discrete agency action that is required by law, and that a 221(g) refusal and subsequent placement of an application into administrative processing necessarily involves more processing and final agency action based on that review.") (citing *Arapov,* 2025 WL 2732722, at *4 (collecting cases and stating "those courts have rejected the notion that a 221(g) refusal—and the concomitant placement of an application into 'administrative processing' limbo—suffices to complete that duty."))

As in *Mirshekari*, the essence of Plaintiff's allegations is that Defendants' 221(g) refusal is an interim determination subject to "ongoing" security review,[3] and at the conclusion of that review, Defendants must issue, refuse, or discontinue granting the visa, which Defendants have not done.  The Court agrees with Plaintiff.  Accordingly, Plaintiff has plausibly alleged "agency action unlawfully withheld" as he has identified a legally required, discrete act that Defendants have failed to perform—that is, to make a final determination on Ms. Al-Qayisi's application following completion of the "security screening" in administrative processing.

This leaves Defendants' renewed argument that they have not unreasonably delayed processing Ms. Al-Qayisi's application.  To state an unreasonable delay claim under the APA, a plaintiff must allege that (1) defendants failed to take an action that they are required by law to take, and (2) defendants' delay in taking that action was unreasonable.  *Raouf v. U.S. Department of State*, 702 F.Supp.3d 19, 31 (D.N.H. 2023) (citations omitted).  As discussed above, Plaintiff has sufficiently alleged Defendants failed to take an action that they are required by law to take.  Plaintiff also alleges unreasonable delay.  As of this ruling, approximately 32 months have elapsed since Ms. Al-Qayisi's consular interview and 221(g) refusal; yet, her application remains pending in administrative processing with no final decision.

Defendants argue Plaintiff filed suit 20 months after his mother was interviewed and her visa application was refused, and passage of that period of time with no final adjudication—even when considered with the time that has elapsed since this ruling (32 months)—is not unreasonable.  (Mot. at 8) (citing *Siddiqui v. Blinken*, 646 F.Supp.3d 69, 76 (D.D.C. 2022) (stating delay of three years since interview with consular officer "is in

---

[3] (*See* Peterson Decl. at ¶ 11) (stating Ms. Al-Qayisi's "security screening is ongoing[.]")  The Court also notes and takes judicial notice that Department of State data indicates that in 78.3% of immigrant visa cases with 221(g) refusals, visas are ultimately issued following completion of administrative processing. *See* Release of Material Under Freedom of Information Act, Case No. F-2025-08930/FL-2025-00072 (U.S. Dep't of State Aug. 22, 2025).

25cv1322 DMS (DEB)

line with other decisions that have not found unreasonable delay"); *Skalka v. Kelly*, 246 F.Supp.3d 147, 153-54 (D.D.C. 2017) (noting two-year delay in processing immigrant visa "does not typically require judicial intervention").)   Defendants reargue that courts regularly apply the six "TRAC factors" set forth in *Telecomms. Research and Action Ctr. v. Federal Comms. Commission*, 750 F.2d 70, 79-80 (D.C. Cir. 1984) ("*TRAC*"), to determine whether agency action has been unreasonably delayed.  These factors are:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"[;] (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason [;] (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake [;] (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority[;] (5) the court should also take into account the nature and extent of the interests prejudiced by the delay[;] and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed."

*Indep. Mining Co. v. Babbitt*, 105 F.3d 502, 507 n.7 (9th Cir. 1997) (quoting *TRAC*, 750 F.2d at 80).

Plaintiff again disputes whether the Court should consider these factors on a motion to dismiss rather than on a merits-based motion following discovery.  The Court, again, agrees with Plaintiff.  *See Aldurra v. United States Department of State, et al.,* 25-cv-1322-DMS (DEB), 2026 WL 63471, at 2-3 (S.D. Cal. Jan. 8, 2026) (collecting cases and holding "an analysis of the *TRAC* factors involves factually intensive questions, which are generally inappropriate for resolution on a motion to dismiss.")

On the present record, the Court declines Defendants' invitation to determine that the alleged delay (approaching three years) is not unreasonable.  Accepting Plaintiff's allegations as true at this stage of the proceedings, as well as the undisputed evidence before the Court (submitted under Rule 12(b)(1)), Plaintiff has alleged Ms. Al-Qayisi has unfairly waited for a final decision on a "straightforward visa application," while her husband's application was efficiently handled and quickly approved in administrative processing, so

he could reunite with family and pursue (and receive) lawful permanent resident status in the United States.  Plaintiff asserts the family has suffered "tremendous hardship" and "emotional burden" from the physical separation, which has had a "profound impact on Plaintiff and his father, as well as Plaintiff's U.S. citizen son." (Pl's Decl. ¶ 10-11.)  These allegations plausibly allege unreasonable delay under the *TRAC* factors and survive a motion to dismiss.

Defendants raise potentially legitimate arguments that they have not unreasonably delayed processing Ms. Al-Qayisi's application.  They raise concerns regarding the need for additional security screening which is "an individualized process" dependent on "resources available to the agency," "interfere[ing] with the conduct of foreign affairs by ordering the U.S. Embassy to re-order its priorities[,]" disrupting other applicants by "putting Plaintiff at the head of the queue[,]" and so on. (Mot. at 10-13.)  However, these arguments are conclusory and lack evidentiary support.  Targeted discovery would shed light on the validity of these arguments and whether under the *TRAC* factors Defendants have unreasonably delayed in light of the particular circumstances confronting Ms. Al-Qayisi and Defendants.  For example, any complications regarding Ms. Al-Qayisi's security screening could be identified, so too could the lack of resources, if any, vis-à-vis current demands on the agency, and illuminating the queue ahead of Ms. Al-Qayisi and impact on other applicants of re-prioritizing would be helpful.  These and other *TRAC* factors cannot be meaningfully addressed on the present record, and thus, the Court declines to address them at this stage of the proceedings.

## C.    Due Process Claim

Plaintiff's only other claim is for violation of his right to procedural due process.  He alleges that as a U.S. citizen he has a protected liberty interest in his mother's visa that is violated by the ongoing administrative processing.  (FAC ¶¶ 25-28, 33.)  To state a procedural due process claim, Plaintiff must allege facts supporting "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d

971, 982 (9th Cir. 1998).  Defendants correctly argue that Plaintiff has no protected liberty interest in his mother being admitted to the United States.  (Mot. at 13 (citing *Dep't of State v. Munoz,* 602 U.S. 899, 908-09 (2024) (stating "a citizen does not have a fundamental liberty interest in his noncitizen spouse being admitted to the country")).)  *See also Pinnaka v. United States,* No. 24-CV-86, 2024 WL 4252776, at *6 (E.D. Wis. Sept. 20, 2024) (stating *Munoz* is not limited to spousal relationships and finding a citizen's independent constitutional rights do not give the "citizen a procedural due process right" in "someone else's visa"); *Nikpanah v. U.S. Dep't of State,* No. 2:24-cv-00404-NAD, 2025 WL 374931, at *10 (N.D. Ala. Feb. 3, 2025) (under *Munoz* a child "has no liberty interest in her parents' admission to the country"); *Nasir v. U.S. Dep't of State,* 749 F. Supp. 3d 938, 944 (N.D. Ill. 2024) (similar); *Chen v. Blinken,* No. 23-cv-2279 (NGG), 2025 WL 606221, at *7 (E.D.N.Y. Feb. 25, 2025) (similar); *Manshadi v. Allen,* No. 24-cv-10118-ADB, 2025 WL 524173, at *6 (D. Mass. Feb. 18, 2025) (similar); *Esghai v. United States Dep't of State,* No. 24 CIV. 2993 (PAE), 2024 WL 4753799, at *8 (S.D.N.Y. Nov. 12, 2024) (similar); *Morassaei. United States Dep't of State*, No. SACV 24-823 PA (DFMX), 2024 WL 5047480, at *4 (D.C.D. Cal. Sept. 25, 2024) (similar); *Durrani v. Bitter,* No. 24-11313-FDS, 2024 WL 4228927, at *7 (D. Mass. Sept. 18, 2024) (similar).  The Court agrees with and follows the reasoning of these cases.

Plaintiff disagrees but cites no case holding that a party such as Plaintiff has a constitutionally protected liberty interest in the adjudication of a family member's visa application.  Plaintiff cites, for example, *Bustamante v. Mukasey,* 531 F.3d 1059, 1062 (9th Cir. 2008) (holding a U.S. citizen has a protected liberty interest in the adjudication of a noncitizen spouse's visa application).  However, *Bustamante* and subsequent Ninth Circuit cases following that case, *e.g., Muñoz v. U.S. Dep't of State*, 50 F.4th 906, 915-16 (9th Cir. 2022), were reversed by the Supreme Court in *Munoz,* 602 U.S. at 909 ("The Ninth Circuit is the only Court of Appeals to have embraced this asserted right—every other Circuit to consider the issue has rejected it … [and] [t]oday, we resolve the open question … [and]

25cv1322 DMS (DEB)

hold that a citizen does not have a fundamental liberty interest in her noncitizen spouse being admitted to the country."). So it is here.

Plaintiff has failed to state a claim for violation of his procedural due process rights as he has no protected liberty interest in the adjudication of his mother's visa. Because amendment would be futile, this claim is dismissed without leave to amend.

## IV.

## CONCLUSION

For the reasons set out above, Defendants' motion to dismiss is granted in part and denied in part. Specifically, the Court denies the motion to dismiss Plaintiff's APA claim, but grants the motion to dismiss Plaintiff's due process claim with prejudice. Defendants will answer the FAC within 14 days of the filing of this Order. The parties will contact the Magistrate Judge within 14 days and schedule an ENE within 30 days of the filing of this Order. The Magistrate Judge is invited to order targeted discovery and accelerate scheduling of potentially dispositive motions.

**IT IS SO ORDERED**.

Dated:  May 20, 2026

Hon. Dana M. Sabraw
United States District Judge

25cv1322 DMS (DEB)